IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

DANIEL ARTHUR WOLCOTT,       )
                             )
            Plaintiff,       )
                             )
v.                           )    No. 14-1115-T
                             )
COMMISSIONER OF              )
SOCIAL SECURITY,             )
                             )
            Defendant.       )

ORDER AFFIRMING DECISION OF COMMISSIONER

Plaintiff has filed this action to obtain judicial review of Defendant Commissioner's final decision denying his applications for disability insurance benefits under Title II of the Social Security Act ("the Act") and for supplemental security income ("SSI") benefits based on disability under the Act. Plaintiff's applications were denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on November 27, 2012.

On December 7, 2012, the ALJ issued a decision, finding that Plaintiff was not entitled to benefits. The Appeals Council affirmed the ALJ's decision. This decision became the Commissioner's final decision. Plaintiff filed this action, requesting reversal of the decision of the Commissioner. For the reasons set forth below, the decision of the Commissioner is AFFIRMED.

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id. The court's review is limited to determining whether or not there is substantial evidence to support the Commissioner's decision, 42 U.S.C. § 405(g), and whether the correct legal standards were applied. See Lindsley v. Commissioner, 560 F.3d 601, 604–08 (6th Cir. 2009); Kyle v. Commissioner, 609 F.3d 847, 854 (6th Cir. 2010).

The Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly. See Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. See Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001); Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). A reviewing court must defer to findings of fact by an appeals council when those findings conflict with the factual findings of the ALJ. Id. at 545.

Plaintiff was born in 1965 and alleges that he became disabled on June 21, 2010. R. 13, 120. He alleges disability due to back problems, muscle spasms in his back, neck injuries, and severe migraines. R. 157. He has work experience as a truck body builder and mechanic. R. 18.

The ALJ enumerated the following findings: (1) Plaintiff met the insured status requirements through December 31, 2014; (2) Plaintiff has not engaged in substantial gainful activity since the alleged onset date; (3) Plaintiff has the following severe impairments: degenerative disc disease and traumatic arthritis of the cervical spine with cervicalgia; degenerative disc disease and traumatic arthritis of the lumbar spine with lumbago; status post lumbar fusion surgery; headaches; and right hip arthritis; but he does not have impairments, either alone or in combination, that meet or equal the requirements of any listed impairment contained in 20 C.F.R. pt. 404, subpt. P, app. 1 of the listing of impairments; (4) Plaintiff retains the residual functional capacity to perform less than the full range of sedentary work; he can lift and/or carry ten pounds occasionally and less than ten pounds frequently; stand and/or walk for up to or about two hours in an eight-hour workday; sit for up to or about six hours in an eight-hour workday; frequently push and/or pull; occasionally balance, stoop, kneel, crouch, and crawl; occasionally reach overhead; have occasional exposure to extreme heat; and must avoid workplace hazards such as unprotected heights and moving machinery; (5) Plaintiff is unable to perform his past relevant work; (6) Plaintiff was a younger individual with a high school education on the alleged onset date; (7) transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules ("the grids") as a framework supports a finding that Plaintiff is not disabled whether or not he has transferable job skills; (8) considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in

significant numbers in the national economy that Plaintiff can perform; (9) Plaintiff was not under a disability as defined in the Act at any time through the date of this decision.

The Social Security Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The claimant bears the ultimate burden of establishing an entitlement to benefits. Born v. Secretary, 923 F.2d 1168, 1173 (6th Cir. 1990). The initial burden of going forward is on the claimant to show that he is disabled from engaging in his former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Id.

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

> 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
>
> 2. An individual who does not have a severe impairment will not be found to be disabled.
>
> 3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.
>
> 4. An individual who can perform work that he has done in the past will not be found to be disabled.
>
> 5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(a)(4); Howard v. Commissioner, 276 F.3d 235, 238 (6th Cir. 2002). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a). Here, the sequential analysis proceeded to the fifth step with a finding that, although Plaintiff cannot perform his past relevant work, there is a substantial number of jobs that exist in the national economy that he can perform.

Plaintiff argues that substantial evidence does not support the ALJ's findings. He specifically argues that the ALJ erred by failing to consider all of his impairments, specifically his right lower extremity neuropathy. He asserts that the ALJ should have found his neuropathy to be a severe impairment.

Substantial evidence supports the ALJ's determination because the medical evidence did not show that Plaintiff was limited due to his right leg neuropathy. From July 2010 through September 2010, Plaintiff had normal range of motion and 5/5 muscle strength in his bilateral lower extremities. R. 252-555. On October 1, 2010, Plaintiff's gait and station were normal. R. 264. On September 27, 2011, Plaintiff had good strength in his legs. R. 285. Moreover, no doctor opined that Plaintiff had specific limitations due to right leg neuropathy. See Lyons v. Astrue, 2012 WL 529587, *4 (E.D. Tenn.) ("[T]he Court notes that a diagnosis or notation of obesity does not, by itself, establish the condition's severity or its effect on a plaintiff's functional limitations.").

Additionally, any error would be harmless because the ALJ found in Plaintiff's favor at step two in the sequential evaluation process and then continued with the remaining steps.

See Maziarz v. Secretary, 837 F.2d 240, 244 (6th Cir. 1987) (failure to find that a particular impairment was severe was not reversible error because the ALJ found other severe impairments and continued with the sequential evaluation).

Next, Plaintiff contends that the ALJ did not comply with SSR 96-8p in assessing his residual functional capacity in that the ALJ did not provide a function by function assessment of his ability to do work related activities. Plaintiff does not state which impairments or limitations the ALJ omitted, and the ALJ specified the limitations that he found were supported by the evidence of record. See Rudd v. Commissioner, 531 Fed.Appx. 719, 729 (6th Cir. 2013) (An ALJ fully complies with SSR 96-8p's requirement to perform a function-by-function residual functional capacity evaluation when he fully specifies the claimant's exertional and non-exertional abilities.). Thus, the ALJ complied with SSR 96-8p.

Plaintiff complains of the ALJ's credibility determination. The ALJ found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms were not entirely credible. An ALJ's credibility determination is entitled to great weight and deference, and this court's review is limited to determining whether the ALJ's reasons for discrediting the allegations were reasonable and supported by substantial evidence. See Schmiedebusch v. Commissioner, 536 Fed.Appx. 637 (6th Cir. 2013) (citation omitted).

The ALJ questioned Plaintiff's credibility, in part, based on the lack of a medical opinion indicating that he was disabled. No treating physician opined that Plaintiff was disabled. It is significant when no physician submits a medical conclusion that a claimant

is disabled and unable to perform any type of work. See Siterlet v. Secretary, 823 F.2d 918, 920-21 (6th Cir. 1987) ("None of Siterlet's physicians diagnosed his pain as severe or disabling.").[1]

Additionally, Plaintiff's allegations of disability were not supported by the objective medical evidence. The medical records and Plaintiff's clinical presentations were inconsistent with severe disabling neck pain, R. 157, severe, disabling headaches and shoulder pain, R. 252-55, 290, 298, and complaints of disabling back and hip pain radiating down his legs. R. 252- 85. Discounting credibility to a certain degree is appropriate when, as here, an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence. See Tyra v. Secretary, 896 F.2d 1024, 1030 (6th Cir. 1990) (An ALJ may dismiss a claimant's allegations of disabling symptomatology as implausible if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict).

Plaintiff's activities of daily living, which include preparing his own meals, doing light housework, driving, going shopping, watching television, playing computer games, and taking care of a dog do not support Plaintiff's allegations of disabling limitations. R. 38-39, 176-78. The ALJ may consider daily activities as one factor in the evaluation of subjective complaints. See Temples v. Commissioner, 515 Fed.Appx. 460, 462 (6th Cir. 2013).

---

[1] Plaintiff asserts that, because he did not have medical insurance, the ALJ could not find that his lack of specialized treatment weighed against his credibility. However, Plaintiff did not present evidence that he sought low cost or free medical care but was denied treatment. See Clark v. Shalala, 28 F.3d 828, 831 n. 4 (8th Cir. 1994) (although economic justifications for the lack of treatment can be relevant to a disability determination, Plaintiff offered no testimony or other evidence that she had been denied further treatment or access to prescription pain medicine on account of financial constraints).

In reviewing the medical opinion evidence, the ALJ must consider factors such as the treating relationship between the claimant and the medical source, whether the medical source provided evidence to support his opinion, and the consistency of the opinion with the record as a whole. See 20 C.F.R. §§ 404.1527(c), 416.927(c). In this case, there were no opinions provided from any treating physicians indicating that Plaintiff was disabled.

Dr. Warner and Dr. Schaffzin, state agency medical consultants, reviewed the evidence of record and found that Plaintiff could perform light exertional work. R. 271-81. The ALJ gave these opinions some weight but also considered Plaintiff's complaints of neck and back pain and his cervical and lumbar x-rays and found that Plaintiff could perform at a sedentary level of work activity. The ALJ also considered the opinion of Dr. Woods, a consultative examiner, that Plaintiff could lift and carry ten pounds occasionally and less than ten pounds frequently, stand and walk for two hours in an eight-hour workday, and sit for six hours in an eight-hour workday. R. 266. The ALJ gave this opinion significant weight because it was consistent with the other evidence of record.

It is the ALJ's responsibility to determine residual functional capacity based on all the relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own description of her limitations. See Anderson v. Shalala, 51 F.3d 777 (8th Cir. 1995); 20 C.F.R. §§ 416.945(a) & 416.946. Here, the ALJ considered all of the evidence in the record and adequately explained the basis for his residual functional capacity finding. As the ALJ's residual functional capacity was within the "zone of choice" supported

by substantial evidence, his finding is upheld. See Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

After finding that Plaintiff could not perform his past relevant work, at step five, the ALJ determined that jobs exist in significant numbers that Plaintiff can perform by relying on the testimony of a vocational expert. The ALJ asked the vocational expert about an individual of Plaintiff's age, education, work experience, and residual functional capacity. The vocational expert responded that such an individual was capable of performing the jobs of gauger, atomizer assembler, and ampoule sealer, jobs that exist in significant numbers in the national economy. R. 45-46. Because the hypothetical question included the limitations the ALJ found credible, the vocational expert's testimony that Plaintiff could perform work existing in significant numbers in the national economy was substantial evidence in support of the ALJ's determination.

Because there is substantial evidence in the record supporting the Commissioner's decision denying Plaintiff's application for benefits, the decision of the Commissioner is AFFIRMED. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE